**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4650**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

KENNY LASALLE TAYLOR,

                    Defendant – Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:09-cr-00037-NCT-1)

Submitted:  November 22, 2010        Decided:  December 14, 2010

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender,
Greensboro, North Carolina, for Appellant.  Robert Michael
Hamilton, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenny Lasalle Taylor appeals the 190-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to armed bank robbery, in violation of 18 U.S.C. § 2113(d) (2006), and to discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (2006). Counsel for Taylor filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court imposed an unduly harsh sentence. Taylor did not file a pro se supplemental brief, although he was informed of his right to do so.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. This court must assess whether the district court properly calculated the advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence." (emphasis omitted)); United States v. Carter,

2

564 F.3d 325, 330 (4th Cir. 2009) (same). In addition, this court presumes on appeal that a sentence within a properly determined advisory Guidelines range is substantively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We conclude that Taylor's sentence is both procedurally and substantively reasonable. The district court properly calculated Taylor's Guidelines range, treated the Guidelines as advisory, and considered the applicable 18 U.S.C. § 3553(a) factors. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Moreover, the district court based its sentence on its individualized assessment of the facts of the case. See Carter, 564 F.3d at 328. Lastly, Taylor has not rebutted the presumption that his within-Guidelines sentence is reasonable. Thus, the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore deny counsel's motion for leave to withdraw, and affirm the judgment of the district court. This court requires that counsel inform Taylor, in writing, of the right to petition the Supreme Court of the United States for further review. If Taylor requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move

3

in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Taylor.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4